IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY ANTHONY HARDEN, | |
| Petitioner | |
| VS. | NO. 5:08-CV-443 (CAR) |
| DANNY HUNTER, *et al.,* | |
| Respondents | **PROCEEDINGS UNDER 28 U.S.C. §2254**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Before the court is a 28 U.S.C. § 2254 petition for a writ of habeas corpus filed by petitioner Troy Anthony Harden. Tab #1. In his petition, Harden challenges the September 9, 2005 revocation of his probation whereupon three (3) years and eight (8) months of his then active ten (10) year probated sentence was revoked. This ten (10) year probated sentence was the result of a May 14, 1999 Baldwin County, Georgia conviction wherein petitioner Harden pled guilty to the offenses of theft by conversion, theft by deception, and forgery.

The basis for petitioner's revocation was his arrest for, and alleged participation in, new criminal offenses of theft by receiving stolen property and transaction card fraud. Petitioner Harden was given advance notice of and appeared with counsel at a probation revocation hearing held on September 9, 2005. During this rather lengthy hearing, evidence of the new offenses was presented through the testimony of several witnesses and the submission of several documents. Ultimately, petitioner Harden stipulated to the fact that he had violated the terms of his probation. This stipulation was the apparent result of a plea bargain "package" that he and the assistant district attorney had agreed upon wherein the petitioner would stipulate to the probation violation and separately enter a guilty plea to the new criminal offenses in exchange for a reduced sentence on the new charges. The revocation court accepted the stipulation and revoked the petitioner's probation.

Thereafter, when petitioner Harden attempted to enter the negotiated guilty plea to the new criminal offenses before a different trial judge, that trial judge refused to accept the plea bargain. For this reason, the petitioner contends that his previous stipulation is void. As such, he argues that his physical incarceration following the probation revocation hearing was unconstitutional.

Petitioner Harden first raised this claim in a **_state_** habeas action. During a February 1, 2006 hearing on the petitioner's state habeas application, he argued that he had not made any stipulation, that he had ineffective assistance of counsel at the revocation hearing, and that there was no probable cause for his arrest on the new theft and fraud charges. At the conclusion of the hearing, the state habeas corpus court summarily denied Harden's application on all grounds. Thereafter, on November 28, 2007, petitioner Harden was released from prison. Nearly a year later, on November 21, 2008, Harden filed the instant petition.

Petitioner Harden seeks release from prison and parole. In light of the fact that the probated sentence which was revoked has been fully satisfied and any consequences of parole revocation no longer exist because his maximum release date was May 13, 2009, it appears that the instant petition has been rendered moot.

In addition, although it does not appear that any further analysis is necessary in this case, there is ample precedent to suggest that, absent a clear violation of constitutional due process rights, a state prisoner is not entitled to federal habeas corpus relief in *challenging* a state's grant or denial of probation or related procedures. See *Arketa v. Wilson*, 373 F.2d 582 (9th Cir. 1967), *Sheffield v. Brooks*, 336 F.2d 835 (5th Cir. 1964), *Tracey v. Janco*, 351 F. Supp. 836 (N.D. W. Va. 1972), *Mason v. Dunbar*, 317 F.2d 358 (9th Cir. 1963), *Edwardsen v. Gray*, 352 F. Supp. 839 (E.D. Wis. 1972), *Klier v. Wainwright*, 345 F. Supp. 947 (S.D. Fla. 1971), order aff'd, 464 F.2d 1245 (5th Cir. 1972), *McCray v. Coiner*, 290 F. Supp. 917 (N.D. W. Va. 1968), *Brown v. Slayton*, 337 F. Supp. 10 (W.D. Va. 1971), *Hamrick v. Boles*, 231 F. Supp. 507 (N.D. W. Va. 1964), *King v. Adams,* 410 F.2d 455 (5th Cir. 1969), *Edwardsen v. Petersen*, 319 F. Supp. 1338 (E.D. Wis. 1970), *Howard v. Craven*,

306 F. Supp. 730 (C.D. Cal. 1969), *Gholston v. Boles*, 305 F.2d 162 (4th Cir. 1962), *Weigand v. Wingo*, 380 F.2d 1022 (6th Cir. 1967).  With the above precedent in mind, and upon a review of the record, no clear constitutional due process violations with respect to petitioner Harden's probation revocation can be discerned by the undersigned.

In light of all of the foregoing, **IT IS RECOMMENDED** that the above captioned petition be **DISMISSED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.[1]

**SO RECOMMENDED**, this 19th day of JUNE, 2009.



        CLAUDE W. HICKS, JR.
        UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that Subsection (a) of §2254 provides as follows:

> *The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. (emphasis added).*

After reviewing the record in this case, it further appears that petitioner Harden does not, for the purpose of challenging the constitutionality of the incarceration which resulted from the revocation of his probated sentence, meet the custody requirement of 28 U.S.C. §2254(a).  At the time he submitted the within petition to this court, he had been released from state custody for almost a year.